HENRY D. STONE & another *vs.* BENJAMIN WALKER & another

If two persons come together to an attorney to engage his services in defence of one of them on a criminal prosecution, *prima facie* that one is alone primarily responsible, and the liability of the other is within the statute of frauds, unless there was an original express promise on his part to pay for the services.

ACTION OF CONTRACT against Benjamin Walker and Comfort M. Walker, to recover for services rendered by the plaintiffs as attorneys at law in defending Comfort on a criminal charge. Trial in the court of common pleas at December term 1859, before *Mellen,* C. J., who signed this bill of exceptions :

" Stone, one of the plaintiffs, testified at the trial, that the defendants came to see him to obtain his services in said case, and that the defendant Benjamin Walker said to him, at the time, ' We want you to go to Southbridge, and take care of this case ; they are abusing Comfort, and I mean to stand by him ; I mean to assist him.' The said plaintiff further testified that he gave credit to both the defendants ; that he knew Benjamin Walker ; that he knew he was the uncle of Comfort M. Walker ; that he was a responsible man ; and that he did not know Comfort M. Walker.

" The evidence introduced by the plaintiffs and the defendants, as to what took place at the interview testified to by Stone, was conflicting ; but it was not contended that any other interview took place between the parties with reference to the matter, except the one already mentioned.

" Benjamin Walker alone defended this action ; first, on the ground that he never engaged the services of the plaintiffs at all ; and secondly, that if he ever promised payment, it was a collateral undertaking to pay the debt of a third party, and was therefore void, not being in writing.

" The court instructed the jury, that as the services which were to be rendered were for the benefit of Comfort M. Walker, they must find that there was an original express promise on the part of the defendant Benjamin Walker to pay for the ser-

vices; but that no precise form of words was necessary in which to make such a promise. The jury found a verdict for the defendants. The plaintiffs except."

*D. Foster & P. P. Todd,* for the plaintiffs. The instruction given was incorrect, and tended to divert the minds of the jury from the true issue ; for if this was a special promise to answer for the debt of another, although made upon valuable consideration, and at the time when the contract was first entered into, (which is the only sense in which such a special promise can be " original,") then, however express in its terms, no action can be brought on it, because not in writing ; and if, on the other hand, both defendants jointly contracted for the service to be rendered, then an implied promise to pay followed, and an implied promise need not be in writing. 1 Parsons on Con. 529, 538. *Goodwin* v. *Gilbert,* 9 Mass. 510. *Pike* v. *Brown,* 7 Cush. 136.

Upon the evidence in this case, the real question for the jury was, not whether the defendant promised payment, but whether he employed the services. If he did, the statute of frauds is no defence, although the services were for the benefit of another who joined in the same promise. The question is, not for whose benefit the promise was made, but who made it. Fell on Guaranties, *c.* 2, pl. 18, and *Scholes* v. *Hampson,* there cited. *Birkmyr* v. *Darnell,* 1 Smith's Lead. Cas. 134, & Amer. notes. *Simpson* v. *Penton,* 2 Cr. & M. 430. *Alger* v. *Scoville,* 1 Gray, 391. *James* v. *Spaulding,* 4 Gray, 451. *Nelson* v. *Boynton,* 3 Met. 396. *Chapin* v. *Lapham,* 20 Pick. 471. *Holmes* v. *Knights,* 10 N. H. 175. *Locke* v. *Brown,* 14 Maine, 108. *Leonard* v. *Vredenburgh,* 8 Johns. 29. *Farley* v. *Cleveland,* 4 Cow. 432. *Durham* v. *Manrow,* 2 Comst. 533. *Wainwright* v. *Straw,* 15 Verm. 215. *Hall* v. *Wood,* 4 Chandl. 36. Smith on Con., lect. 3, & notes. Browne on St. of Frauds, § 197.

*C. Devens, Jr. & G. F. Hoar,* for the defendants, cited Smith on Con., lect. 3 ; 1 Smith's Lead. Cas. 134, note to *Birkmyr* v. *Darnell;* 1 Saund. 211, note ; *Leonard* v. *Vredenburgh,* 8 Johns. 29 ; *Burkmire* v. *Darnell,* 6 Mod. 248 ; *Matson* v. *Wharam,* 2 T. R. 80 ; *Anderson* v. *Hayman,* 1 H. Bl. 120 ; *Cahill* v. *Bigelow,* 18 Pick. 369 ; *Nelson* v. *Boynton,* 3 Met. 396 ; *Blake*

v. *Parlin,* 22 Maine, 395; *Moses* v. *Norton,* 36 Maine, 113; 1 Parsons on Con. 490, note, & cases cited.

SHAW, C. J. This is a joint action against Benjamin Walker and Comfort M. Walker, for professional services done by the plaintiffs as lawyers and copartners. Comfort M. Walker was defaulted, and Benjamin alone defends, and the question is whether a joint promise was proved, binding on both defendants. The grounds of Benjamin Walker's defence are, 1st. That he never engaged the services of the plaintiffs at all ; and 2d. That if he ever promised payment, it was a collateral undertaking to pay the debt of a third party, and was therefore void, not being in writing.

The provision in the statute of frauds, Rev. Sts. *c.* 74, § 1, is, that no action shall be brought, to charge any person upon any special promise to answer for the debt, default or misdoings of another, unless the contract or some memorandum thereof be in writing, signed, &c.

The court of common pleas instructed the jury that as the services to be rendered were for the benefit of Comfort — that is, to defend him against a criminal charge — they must find, in order to charge Benjamin Walker, that there was an original express promise on his part to pay for the services, but that no precise form of words was necessary, in which to make such promise.

The first object is to see if we understand this direction. The terms " original " and " collateral," as applied to undertakings in connection with the statute of frauds, though not found in the statute, are often used in applying it, and, being significant and intelligible, are convenient, as explained in *Nelson* v. *Boynton,* 3 Met. 400. If the promise is made by one in his own name to pay for goods or money delivered to, or services done for another, that is original; it is his own contract on good consideration, and is called original, and is binding on him without writing. But if the language is " Let him have money or goods, or do service for him, and I will see you paid," or " I promise you that he will pay," or " If he do not pay, I will," this is collateral, and, though made on good consideration, it is void by

the statute of frauds, before cited. These distinctions, though somewhat close, are plain and intelligible, and are fully set forth with the authorities in support of them, in the case just cited.

With this view of the law, as expressed in the case cited and many others, the court are of opinion that the instruction given by the court to the jury was correct. As the service to be done was for Comfort alone, without something further than an ordinary retainer, he alone would be responsible. What therefore the court directed the jury was, that to charge Benjamin, they must be satisfied that Benjamin used some express words, by which he intended to engage and bind himself, as an original promisor, personally to pay for the services; but if the language did not amount to such express personal undertaking to pay, but only that he would pay if Comfort did not, then the promise was void by the statute. The judge added that no precise form of words was necessary to show a personal promise on the part of Benjamin. The necessary implication was, that if Benjamin made any express personal promise to pay for the services, or expressly engaged the plaintiffs on his own account to perform the services, then it was an original promise, and he would be liable; otherwise, he would not.

It appears to us that this instruction was correct, and well adapted to the circumstances of the case. There was conflicting evidence of what took place at the only interview, at which the undertaking, whatever it was, was entered into. Probably no evidence made the case stronger for the plaintiffs, than the plaintiff Stone made it by his own testimony. He testified that the defendants came to see him to obtain his services in a case against Comfort, on a criminal charge, and the defendant Benjamin Walker, the uncle, said, " We want you to go to Southbridge, and take care of this case; they are abusing Comfort, and I mean to stand by him; I mean to assist him."

The language itself was somewhat equivocal, purporting rather an intention to afford him the aid which he needed, to be his bail, and stand his surety; though it might well be aided and explained by other evidence of what took place at the same time. And though that evidence was conflicting, it was

Stone & another *v.* Walker & another.

for the jury to weigh it, and determine which statement was best entitled to credit; and from all the facts which, on the evidence, they should find true, to decide whether the undertaking of the defendant Benjamin was personal and original to pay absolutely, or collateral and conditional, to pay if Comfort should not. It was rightly left to the jury under proper instructions, and therefore the verdict must stand. *Exceptions overruled.*